STATE OF CONNECTICUT *v.* JOHN RUSSELL
(AC 18163)

Schaller, Mihalakos and Daly, Js.

Argued January 20—officially released June 20, 2000

*Donald D. Dakers,* special public defender, for the appellant (defendant).

*Michele C. Lukban,* assistant state's attorney, with whom, on the brief, were *Mary M. Galvin,* state's attorney, and *John Kerwin,* assistant state's attorney, for the appellee (state).

*Opinion*

DALY, J. The defendant, John Russell, appeals from the judgment of the trial court revoking his probation pursuant to General Statutes (Rev. to 1997) § 53a-32[1] and committing him to the custody of the commissioner

---

[1] General Statutes (Rev. to 1997) § 53a-32 provides in relevant part: "(a) At any time during the period of probation . . . the court or any judge thereof may issue a warrant for the arrest of a defendant for violation of any of the conditions of probation . . . . Any such warrant shall authorize all officers . . . to return the defendant to the custody of the court . . . . After making such an arrest . . . the probation officer shall immediately so notify the court or any judge thereof. Thereupon, or upon an arrest by warrant as herein provided, the court shall cause the defendant to be brought before it . . . for a hearing on the violation charges. . . .

"(b) If such violation is established, the court may: (1) Continue the sentence of probation or conditional discharge; (2) modify or enlarge the conditions of probation or conditional discharge; (3) extend the period of probation or conditional discharge, provided the original period with any extensions shall not exceed the periods authorized by section 53a-29; or (4) revoke the sentence of probation or conditional discharge. If such sentence is revoked, the court shall require the defendant to serve the sentence imposed or impose any lesser sentence. No such revocation shall be ordered, except upon consideration of the whole record and unless such violation is established by the introduction of reliable and probative evidence and by a preponderance of the evidence."

of correction for a period of sixty months. On appeal, the defendant claims that (1) the court abused its discretion by improperly considering his prior convictions in revoking his probation and in determining his sentence and (2) the prosecutor engaged in misconduct. We affirm the judgment of the trial court.

The following facts are relevant to this appeal. In 1994, the defendant was convicted of assault in the third degree in violation of General Statutes § 53a-61, risk of injury to a child in violation of General Statutes § 53-21 and failure to appear in the first degree in violation of General Statutes § 53a-172, and sentenced to seven and one-half years imprisonment, execution suspended with five years probation. On February 13, 1997, the victim, who at that time was a friend of the defendant, loaned her automobile to the defendant to have the transmission repaired. The defendant returned the vehicle to the victim's place of employment in Orange, where the victim was waiting in front of the building. Upon smelling alcohol on the defendant's breath, the victim removed the keys from the ignition and refused to allow the defendant to drive the vehicle on a personal errand. In response, the defendant opened the hood of the vehicle and threatened to pull out the wires. The victim returned the keys to the defendant, who ran to a nearby brook intending to throw the keys into the water. The victim followed and a scuffle ensued during which the defendant threw the victim to the ground and punched her several times. The police were summoned and the defendant was arrested after he was found hiding under a nearby barn, and he was charged with breach of the peace and threatening.

Thereafter, the defendant was arrested on four other instances on charges of threatening, breach of the peace, criminal trespass, harassment and violating a

protective order.[2] On October 29, 1997, after speaking with the prosecutor, the probation officer initiated violation of probation proceedings against the defendant, citing the five instances where the defendant had been arrested during his probationary period. On December 24, 1997, the defendant filed a motion for a speedy trial.

Following a revocation of probation hearing on January 12 and January 16, 1998, the court concluded that the defendant had violated the terms of his probation and ordered him to serve sixty months of his previously suspended sentence. In explaining its decision, the court alluded to the five arrests that occurred during probation, to the defendant's forty-one prior convictions, including a felony conviction in October, 1994, and to three assault convictions involving the same victim that occurred during the probationary period.[3] Several days later, the charges associated with the five arrests that occurred during probation were nolled by the state and dismissed by the court. This appeal followed.

I

The defendant first claims that the court abused its discretion by improperly considering his entire criminal history in revoking his probation and determining his sentence. The defendant concedes that he failed to preserve this claim at trial and now asks for review pursuant to *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989).

Under *Golding*, "a defendant can prevail on a claim of constitutional error not preserved at trial only if *all*

---

[2] The four arrests occurred on the following dates: criminal trespass and breach of the peace on February 15, 1997; threatening, breach of the peace and violation of a protective order on March 10, 1997; violation of a protective order on April 3, 1997; and harassment and violation of a protective order on April 17, 1997. The last two arrests resulted from a series of telephone calls that the defendant made to the victim after he was incarcerated.

[3] None of the three convictions resulted in a violation of probation charge.

of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." (Emphasis in original.) Id. "The first two conditions are determinations of whether a defendant's claim will be reviewed, and the third condition involves a review of the claim itself. . . . We may . . . dispose of the claim by focusing on the condition that appears most relevant under the circumstances of the case." (Citation omitted; internal quotation marks omitted.) *State* v. *Dunbar*, 37 Conn. App. 338, 341, 656 A.2d 672, cert. denied, 233 Conn. 906, 657 A.2d 644 (1995).

In the present case, the record is adequate to review the defendant's claim. The defendant also has alleged a claim of constitutional magnitude. "Due process requires that certain minimum procedural safeguards be observed in the process of revoking the conditional liberty created by probation. . . . This is so because the loss of liberty entailed is a serious deprivation requiring that the [probationer] be accorded due process." (Citations omitted; internal quotation marks omitted.) *State* v. *Gaston*, 56 Conn. App. 125, 131, 741 A.2d 344 (1999). The defendant, however, has failed to show that a constitutional violation clearly exists and clearly deprived him of a fair trial.

A probation revocation hearing has two distinct components. "The trial court must first conduct an adversarial evidentiary hearing to determine whether the defendant has in fact violated a condition of probation. . . . If the trial court determines that the evidence has established a violation of a condition of probation, then

it proceeds to the second component of probation revocation, the determination of whether the defendant's probationary status should be revoked. On the basis of its consideration of the whole record, the trial court may continue or revoke the sentence of probation or conditional discharge . . . and, if such sentence is revoked, require the defendant to serve the sentence imposed or impose any lesser sentence. . . . In making this second determination, the trial court is vested with broad discretion." (Citations omitted; internal quotation marks omitted.) *State* v. *Samuel*, 57 Conn. App. 64, 68–69, 747 A.2d 21 (2000).

The defendant's claim concerns the court's determination that his probation should be revoked and, therefore, we are concerned only with the second component. In concluding that the beneficial effects of probation were no longer being served and that the defendant's probation should be revoked, the court considered evidence of the defendant's criminal convictions that occurred before and during his probationary period but that were unrelated to the charges that formed the basis for the court's finding that he had violated a condition of probation. "A revocation proceeding is held to determine whether the goals of rehabilitation thought to be served by probation have faltered . . . ." *State* v. *Davis*, 29 Conn. App. 801, 811, 618 A.2d 557 (1993), rev'd on other grounds, 229 Conn. 285, 641 A.2d 370 (1994). "In making its . . . determination, the trial court is entitled to draw reasonable and logical inferences from the evidence. . . . It may also consider the types of information properly considered at an original sentencing hearing because a revocation hearing is merely a reconvention of the original sentencing hearing. . . . The court may, therefore, consider hearsay information, evidence of crimes for which the defendant was indicted but neither tried nor convicted, evidence of crimes for which the defendant was acquit-

ted, and evidence of indictments or informations that were dismissed. *State* v. *Huey*, 199 Conn. 121, 126, 505 A.2d 1242 (1986) . . . ." (Citation omitted; internal quotation marks omitted.) *State* v. *Davis*, supra, 811.

In the present case, in determining whether the defendant's probation should be revoked, the court properly considered the evidence of the defendant's criminal history and determined that he was not fit for probation. The defendant's claim fails to satisfy the third prong of *Golding*.

II

The defendant next claims that the prosecutor engaged in misconduct that violated his constitutional right to a trial on the underlying offenses by contacting the probation officer to initiate the violation of probation proceedings after the defendant had requested a speedy trial, and then nollying the outstanding charges against him before a trial could be held.[4] He argues that, due to his lengthy incarceration on the pending charges, it was especially important that he not be deprived of his constitutional right to a trial on those charges, and that a trial might have resulted in his acquittal or, if he had been convicted, a significantly lighter sentence than the sixty months imposed at the revocation of probation hearing. The defendant again requests review of his unpreserved claim under *State* v. *Golding*, supra, 213 Conn. 239–40.

Here, the record is adequate for purposes of review and the defendant's claim of prosecutorial misconduct is of constitutional magnitude alleging the violation of a fundamental right. The court, however, "will not afford

[4] In his argument before this court, the defendant conceded that the prosecutor's actions, in and of themselves, were not improper, but nevertheless claimed that the initiating of the revocation of probation proceedings before a trial was held on the underlying offenses deprived him of his right to a trial on the underlying offenses.

*Golding* review to claims of prosecutorial misconduct where the record does not disclose a pattern of misconduct pervasive throughout the trial or conduct that was so blatantly egregious that it infringed on the defendant's right to a fair trial." (Internal quotation marks omitted.) *State* v. *Ricketts*, 37 Conn. App. 749, 762, 659 A.2d 188, cert. denied, 234 Conn. 913, 660 A.2d 355, cert. denied, 516 U.S. 977, 116 S. Ct. 481, 113 L. Ed. 2d 409 (1995).

"Prosecutors . . . have a wide latitude and broad discretion in determining when, who, why and whether to prosecute for violations of the criminal law. . . . This broad discretion, which necessarily includes deciding which citizens should be prosecuted and for what charges they are to be held accountable . . . rests largely on the recognition that the decision to prosecute is particularly ill-suited to judicial review. Such factors as the strength of the case, the prosecution's general deterrence value, the [state's] enforcement priorities, and the case's relationship to the [state's] overall enforcement plan are not readily susceptible to the kind of analysis the courts are competent to undertake. Judicial supervision in this area, moreover, entails systemic costs of particular concern. Examining the basis of a prosecution delays the criminal proceeding, threatens to chill law enforcement by subjecting the prosecutor's motives and decisionmaking to outside inquiry, and may undermine prosecutorial effectiveness by revealing the [state's] enforcement policy. All these are substantial concerns that make the courts properly hesitant to examine the decision whether to prosecute. . . . Furthermore, [j]udicial deference to the decisions of these executive officers . . . also stems from a concern not to unnecessarily impair the performance of a core executive constitutional function. . . . For these reasons, unless constitutional or other compelling reasons require otherwise, [the court abstains] from setting

policy for the performance of the prosecutorial function." (Citations omitted; internal quotation marks omitted.) *State* v. *Kinchen*, 243 Conn. 690, 699–700, 707 A.2d 1255 (1998).

In the present case, the record does not support a claim that the defendant was clearly deprived of a fair trial. The violation of probation proceedings were initiated in October, 1997, and the defendant did not request a speedy trial until December, 1997. The defendant's claim of prosecutorial misconduct on the ground that the violation of probation proceedings were initiated after he requested a speedy trial is, therefore, not supported by the facts. Moreover, even if the facts were as alleged by the defendant, giving due deference to the prosecutor's broad discretion in deciding to prosecute; see id.; we conclude that the defendant's constitutional rights were not abridged merely because the prosecutor discussed initiating a violation of probation proceeding with the probation officer after the defendant requested a speedy trial, or decided to nolle the pending charges against the defendant following the revocation hearing but before the trial could be held. As for scheduling the hearing prior to the trial, "[a] revocation of probation proceeding based upon a violation of a criminal law need not be deferred until after a disposition of the charges underlying the arrest because the purpose of a probation revocation hearing is to determine whether a defendant's conduct constituted an act sufficient to support a revocation of probation . . . rather than whether the defendant had, beyond a reasonable doubt, violated a criminal law." (Citation omitted; internal quotation marks omitted.) *State* v. *Rollins*, 51 Conn. App. 478, 484, 723 A.2d 817 (1999).

Accordingly, we conclude that the defendant has failed to show that the prosecutor's conduct was blatantly egregious or part of a pattern of misconduct pervasive throughout the trial such that it clearly

deprived the defendant of a fair trial. Therefore, his claim pursuant to *Golding* must fail. See *State* v. *Golding*, supra, 213 Conn. 239–40; see also 1 B. Holden & J. Daly, Connecticut Evidence (Sup. 1999) § 12.

The judgment is affirmed.

In this opinion the other judges concurred.