## STATE OF CONNECTICUT *v.* DOUGLAS JONES
### (AC 21017)

Foti, Landau and Dranginis, Js.

Submitted on briefs September 12—officially released November 20, 2001

*James M. Fox*, special public defender, filed a brief for the appellant (defendant).

*James E. Thomas*, state's attorney, *Nancy L. Chupak*, assistant state's attorney, and *Vicki Melchiorre*, senior assistant state's attorney, filed a brief for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Douglas Jones, appeals from the judgments of the trial court revoking his probation and sentencing him to six years imprisonment. On appeal, the defendant claims that the trial court improperly (1) found a violation of probation on the basis of inadmissible and insufficient evidence and (2) abused its discretion in sentencing the defendant to six years. We affirm the judgments of the trial court.

The following facts and procedural history are necessary for our resolution of this appeal. On June 9, 1998, the defendant was sentenced to twenty years imprisonment, execution suspended after twelve years, with five years probation, on two counts of sexual assault in the

first degree.[1] The term of probation commenced on August 2, 1995. On September 26, 1999, the defendant was arrested after an incident that occurred between the defendant and his former girlfriend. He was arrested for breach of the peace in violation of General Statutes § 53a-181, assault in the third degree in violation of General Statutes § 53a-61, unlawful restraint in the second degree in violation of General Statutes § 53a-96, stalking in the second degree in violation of General Statutes § 53a-181d and criminal mischief in the third degree in violation of General Statutes § 53a-117. Thereafter, the state charged the defendant with one count of violation of probation as a result of his September 26 arrest. The state filed a second information charging the defendant with violation of probation after the defendant was subsequently arrested and charged with three counts of criminal violation of a protection order in violation of General Statutes (Rev. to 1999) § 53a-110b, as amended by Public Acts 1999, No. 99-240, § 4, for events that occurred on October 9 and 14, 1999, and in violation of § 53a-110b for events that occurred on September 28, 1999, with two counts of tampering with a witness in violation of General Statutes § 53a-151 and with one count of larceny in the sixth degree in violation of General Statutes § 53a-125b. On April 18, 2000, a hearing was held on the violation of probation charges. One of the conditions of the defendant's probation was that he not violate any of the laws of the state of Connecticut. After a hearing, the court found the defendant in violation of probation on both informations. On June 8, 2000, the defendant was sentenced to six years in prison.

"[A] probation revocation hearing has two distinct components. . . . The trial court must first conduct an adversarial evidentiary hearing to determine whether

---

[1] The defendant pleaded guilty pursuant to the *Alford* doctrine. See *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

the defendant has in fact violated a condition of probation. . . . General Statutes § 53a-32 (a). . . . In this first stage, [t]he state must establish a violation of probation by a fair preponderance of the evidence." (Citation omitted; internal quotation marks omitted.) *State* v. *Shannon,* 61 Conn. App. 543, 546, 764 A.2d 1281 (2001); see also *State* v. *Young,* 63 Conn. App. 794, 809, 778 A.2d 1015, cert. denied, 258 Conn. 903, 782 A.2d 140 (2001).

The defendant first argues that the court did not have sufficient evidence to establish a violation of probation, specifically, because the court improperly admitted and relied on certain testimony and other evidence.[2] We disagree.

The defendant did not object to the admission of this evidence at trial, but seeks plain error review.[3] "[P]lain error [review] is properly reserved for those extraordinary situations where the error is so obvious that the fairness and integrity of and public confidence in the judicial process would be impaired were we to fail to address an issue that was not raised or preserved at trial." (Internal quotation marks omitted.) *Dubois* v.

---

[2] The defendant also argues that his September 26, 1999 arrest does not properly serve as the basis for a violation of probation because the police did not act with speedy information. The defendant fails to provide either legal authority or analysis to support this claim. "We are not required to review issues that have been improperly presented to this court through an inadequate brief. . . . Analysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly." (Internal quotation marks omitted.) *In re Shane P.,* 58 Conn. App. 234, 243–44, 753 A.2d 409 (2000). "We will not review claims absent law and analysis." *Altfeter* v. *Naugatuck,* 53 Conn. App. 791, 796 n.5, 732 A.2d 207 (1999).

[3] See Practice Book § 60-5. The defendant does not seek review pursuant to *State* v. *Golding,* 213 Conn. 233, 239–40, 567 A.2d 823 (1989). "[I]t is not appropriate to engage in a level of review that is not requested." (Internal quotation marks omitted.) *Ghant* v. *Commissioner of Correction,* 255 Conn. 1, 17, 761 A.2d 740 (2000). Therefore, our review of the defendant's claim is limited to whether the court committed plain error.

*General Dynamics Corp.*, 222 Conn. 62, 69, 607 A.2d 431 (1992). "[P]lain error review is reserved for truly extraordinary situations where the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings." (Internal quotation marks omitted.) *State* v. *Berube*, 256 Conn. 742, 749 n.7, 775 A.2d 966 (2001). On the basis of our thorough review of the record and briefs, we conclude that the trial court did not commit plain error by admitting the evidence at issue. The record reveals that the state adduced sufficient evidence to establish by a preponderance of the evidence that the defendant participated in all of the crimes charged. Any one of the offenses charged by the state sufficed to establish a violation of the terms of the defendant's probation, specifically, that he not violate any criminal laws of this state.

Finally, the defendant argues that the court abused its discretion in sentencing him to six years incarceration. We are not persuaded.

Under § 53a-32, once the trial court determines that the evidence has established a violation of a condition of probation, it proceeds to the second component of probation revocation, the determination of whether the defendant's probationary status should be revoked. "On the basis of its consideration of the whole record, the trial court may continue or revoke the sentence of probation . . . [and] . . . require the defendant to serve the sentence imposed or impose any lesser sentence. . . . In making this second determination, the trial court is vested with broad discretion." (Internal quotation marks omitted.) *State* v. *Young*, supra, 63 Conn. App. 809. "In determining whether there has been an abuse of discretion, every reasonable presumption should be given in favor of the correctness of the court's ruling . . . [and] [r]eversal is required only where an abuse of discretion is manifest or where injustice

appears to have been done." (Internal quotation marks omitted.) *State* v. *Shannon*, supra, 61 Conn. App. 547. "In determining whether to revoke probation, the trial court shall consider the beneficial purposes of probation, namely rehabilitation of the offender and the protection of society. . . . The important interests in the probationer's liberty and rehabilitation must be balanced, however, against the need to protect the public." (Citation omitted; internal quotation marks omitted.) *State* v. *Bostwick*, 52 Conn. App. 557, 564, 728 A.2d 10, appeal dismissed, 251 Conn. 117, 740 A.2d 381 (1999).

On the basis of our review of the facts of this case, we conclude that the court did not abuse its discretion in revoking the defendant's probation and sentencing him to the remaining six years of incarceration on the underlying conviction.

The judgments are affirmed.