STATE OF CONNECTICUT *v.* WILLIAM MCELVEEN
(AC 20845)

Foti, Dranginis and Flynn, Js.

Argued February 13—officially released April 16, 2002

*Mark Rademacher*, assistant public defender, for the appellant (defendant).

*Bruce R. Lockwood*, assistant state's attorney, with whom, on the brief, were *Eugene Callahan*, former state's attorney, and *Paul Ferencek*, senior assistant state's attorney, for the appellee (state).

*Opinion*

FOTI, J. The defendant, William McElveen, appeals from the trial court's judgment revoking his probation and imposing a three year prison sentence. On appeal, the defendant claims that the court improperly (1) found him in violation of probation and (2) ordered him to serve the entire original three year prison sentence.[1] We affirm the judgment of the trial court.

The court found the following facts. The defendant was charged with burglary in the third degree in violation of General Statutes § 53a-103, resulting from his involvement in a motor vehicle break-in at the Noroton Heights train station. On October 6, 1998, the defendant pleaded guilty to that charge under the *Alford* doctrine.[2] The court sentenced the defendant to a suspended three year prison sentence and three years of probation. The defendant agreed to and understood that one of the conditions of his probation was that he could not violate any criminal law of the state of Connecticut.

---

[1] The defendant asserts additional claims. We need not address those claims, however, because our resolution of the question of whether the court properly found that the defendant violated his probation, thereby resulting in its revocation, is dispositive of this appeal.

[2] See *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970). The *Alford* doctrine allows a defendant to plead guilty without admitting guilt. In pleading guilty, however, the defendant "acknowledges that the state's evidence against him is so strong that he is prepared to accept the entry of a guilty plea." *Henry* v. *Commissioner of Correction*, 60 Conn. App. 313, 315 n.1, 759 A.2d 118 (2000).

On January 26, 1999, the defendant was arrested at the Greenwich train station after Officers Michael Reynolds and John Slusarz of the Greenwich police department responded to a reported larceny in progress. Both officers entered the train station parking area to investigate. While there, Reynolds noticed that the trunk of a Subaru was open. He stopped to investigate further and noticed broken glass on the ground near the car and that its back window had been broken. Reynolds then noticed the defendant sitting in the front seat of the vehicle and, with his weapon drawn, ordered the defendant out of the car. The defendant, apparently under the influence of an intoxicating substance, emerged from the vehicle and looked as if he was going to flee. Slusarz positioned himself behind the defendant while Reynolds stood in front of him. Before the officers could secure the defendant, a struggle ensued.

Once the officers had secured the defendant, they noticed that the inside of the Subaru had been rummaged with papers and other items littered throughout. Reynolds also noticed a rock in the backseat of the car, which the defendant apparently had used to break its window. A subsequent search of the defendant's person revealed items that the car owner's wife later identified as belonging to her husband.

Following the defendant's arrest, the state charged him with burglary in the third degree in violation of § 53a-103, larceny in the fourth degree in violation of General Statutes § 53a-125, criminal mischief in the third degree in violation of General Statutes § 53a-117 and interfering with an officer in violation of General Statutes § 53a-167a. Thereafter, on June 17, 1999, the defendant was arrested and charged with violating his probation pursuant to General Statutes § 53a-32. The trial court revoked his probation and reinstated the original three year term of incarceration. Additional

facts and procedural history will be provided as necessary.

The defendant claims that the court improperly determined that he had violated the terms of his probation. Specifically, the defendant claims that the court improperly found him in violation of his probation based on a crime with which he had never been charged and of which he had no notice and, therefore, the record contained insufficient evidence to establish a violation of probation. We are not persuaded.

We first note that "[t]o support a finding of probation violation, the evidence must induce a reasonable belief that it is more probable than not that the defendant has violated a condition of his or her probation. . . . In making its factual determination, the trial court is entitled to draw reasonable and logical inferences from the evidence. . . . This court may reverse the trial court's initial factual determination that a condition of probation has been violated only if we determine that such a finding was clearly erroneous. . . . A finding of fact is clearly erroneous when there is no evidence to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. . . . In making this determination, every reasonable presumption must be given in favor of the trial court's ruling . . . ." (Citation omitted; internal quotation marks omitted.) *State* v. *Welch*, 40 Conn. App. 395, 401, 671 A.2d 379, cert. denied, 236 Conn. 918, 673 A.2d 1145 (1996).

We also note that the present case is governed by § 53a-32. "[U]nder § 53a-32 a probation revocation hearing has two distinct components. . . . The trial court must first conduct an adversarial evidentiary hearing to determine whether the defendant has in fact violated a condition of probation. At such hearing the defendant

shall be informed of the manner in which he is alleged to have violated the conditions of his probation or conditional discharge[3] . . . and shall have the right to cross-examine witnesses and to present evidence in his own behalf. . . . If the trial court determines that the evidence has established a violation of a condition of probation, then it proceeds to the second component of probation revocation, the determination of whether the defendant's probationary status should be revoked. On the basis of its consideration of the whole record, the trial court may continue or revoke the sentence of probation or conditional discharge or modify or enlarge the conditions, and, if such sentence is revoked, require the defendant to serve the sentence imposed or impose any lesser sentence. . . . In making this second determination, the trial court is vested with broad discretion." (Citations omitted; internal quotation marks omitted.) *State* v. *Davis*, 229 Conn. 285, 289–90, 641 A.2d 370 (1994).

Moreover, "[o]n appeal, the standard of review of an order revoking probation is whether the trial court abused its discretion; if it appears that the trial court was reasonably satisfied that the terms of probation had been violated and, impliedly, that the beneficial purposes of probation were no longer being served, then the order must stand. . . . In reviewing the issue of discretion, we do so according it every reasonable presumption in favor of the trial court's ruling. . . . A defendant who seeks to reverse the exercise of judicial discretion assumes a heavy burden." (Internal quotation marks omitted.) *State* v. *Carey*, 228 Conn. 487, 495, 636 A.2d 840 (1994).

---

[3] The defendant concedes that the state properly informed him of the manner in which he was alleged to have violated his probation pursuant to § 53a-32, but argues that the court improperly based its judgment on a crime that the state did not allege to have been committed by the defendant.

The defendant has asked this court to review the trial court's factual finding that he violated a condition of his probation, resulting in its revocation, and to hold that such a finding was improper on the basis of the record. We decline to so hold.

The record amply supports the court's finding that the defendant violated the condition of his probation requiring him not to violate any criminal law of this state. As stated previously, the defendant was charged with violating his probation on the basis of various counts of criminal conduct arising from his arrest for breaking into a motor vehicle at the Greenwich train station. At the probation revocation hearing, the court heard testimony from, among others, Reynolds and Slusarz. Reynolds testified that he noticed that the trunk of the Subaru was open and that its window had been broken with a rock that still remained in the vehicle.[4] He testified further that he noticed the defendant, apparently under the influence of an intoxicating substance, sitting in the front seat and that a struggle ensued before the defendant was secured. Once secured, a search revealed that the defendant was in possession of various items that belonged to the owner of the vehicle. Slusarz related similar testimony.

On the basis of the evidence adduced during the adversarial evidentiary component of the hearing, the court reasonably believed that it was more probable than not that the defendant had violated his probation. This is reflected in the court's articulation of its decision. The court stated that "[t]he warrant affidavit, as well as the testimony at the violation of probation hearing, focused on only one basis: violation of any criminal law in this state" and that "the record evidence standing

---

[4] Reynolds further testified that another vehicle approximately 100 feet from the Subaru had been broken into in the same manner. That break-in, however, was not at issue in this case

alone constituted a sufficient basis for the court to assess the findings of a violation of probation."[5] The court's finding in this regard was not clearly erroneous. The record contains evidence to support such a finding, and we are not left with a definite and firm conviction that a mistake has been made.

Once the court determined that the defendant had violated his probation, it proceeded to the dispositional phase of the hearing, in which the court implicitly found that the beneficial purposes of the defendant's probation were no longer being served and that it should be revoked. The court's conclusion in this regard finds sufficient support in the record. The defendant was sentenced to a three year suspended sentence and three years of probation for the very same types of crimes that led to the present action. The court's decision to revoke the defendant's probation and to reinstate the original three year prison sentence was based on the defendant's criminal history; see State v. Russell, 58 Conn. App. 275, 281, 752 A.2d 59 (2000); and a consideration of the whole record, and was an appropriate exercise of judicial discretion.

Because the court was reasonably satisfied that the terms of the defendant's probation had been violated

---

[5] The defendant asserts that the court based its judgment on a finding that he violated a law with which he was not charged and of which he had no notice. That claim cannot prevail because the court did not base its decision on such a finding. In its articulation, the court noted that the defendant "admitted to using the motor vehicle without the owner's permission." That observation, though potentially misleading, was simply not the basis of the court's judgment, nor could it have been. The court's observation, coupled with its conclusion that the defendant's claim that he entered the vehicle to escape the elements was not persuasive; see State v. Rodriguez, 68 Conn. App. 303, 306 n.3, 791 A.2d 621 (2002) (weight to be given evidence and credibility of witness shall be for determination of trier of fact); induced the court to believe that it was more probable than not that the defendant committed burglary, larceny, criminal mischief and interference with an officer. Because we conclude as we do, the defendant's claim that there was insufficient evidence to show that he used the vehicle without the owner's permission is unavailing.

and, impliedly, that the beneficial purposes of his probation were no longer being served, the court's order revoking such probation and reinstating the original sentence must stand. The defendant has failed to satisfy his heavy burden to prove otherwise. Accordingly, we find no abuse of discretion.

The judgment is affirmed.

In this opinion the other judges concurred.