STATE OF CONNECTICUT *v.* LEO BORDELEAU
(AC 21479)

Spear, Flynn and Daly, Js.

34

Argued March 27—officially released September 3, 2002

*Barry J. Ward,* with whom, on the brief, was *Juri E. Taalman,* for the appellant (defendant).

*Leon F. Dalbec, Jr.,* senior assistant state's attorney, with whom, on the brief, were *Patricia M. Froehlich,* state's attorney, and *Mark A. Stabile,* supervisory assistant state's attorney, for the appellee (state).

*Opinion*

DALY, J. The defendant, Leo Bordeleau, appeals from the judgment of the trial court revoking his probation. On appeal, he claims that the court improperly (1) imposed an additional period of probation that exceeded the statutory maximum, (2) determined that he had fair notice of the charges against him, (3) denied his motion to dismiss, (4) determined that he had no right to a jury trial, (5) failed to make a finding that the beneficial ends of probation no longer were being served before revoking probation and (6) determined that there was sufficient evidence to prove that he had struck the alleged victim or that, even if he had done so, his actions were wilful.

The following facts and procedural history are relevant to our resolution of the defendant's appeal. On August 9, 1996, the defendant was convicted of possession of marijuana with intent to sell in violation of General Statutes § 21a-277 (b). The defendant was sentenced to a term of thirty months imprisonment, execution suspended, with five years probation. On September 7, 1997, the defendant was arrested and charged with reckless endangerment in the first degree in violation of General Statutes § 53a-63 and assault in the third degree in violation of General Statutes § 53a-61. The defendant was charged on July 17, 1998, with violation of his 1996 probation. On October 15, 1998, the court denied the defendant's motion to dismiss the charge of violation of probation, and, on April 23, 1999, following an evidentiary hearing, the court found that the defendant had violated his probation. The court sentenced the defendant on June 17, 1999, to a term of thirty months imprisonment, execution suspended after ninety days, and five years probation. Additional factual and procedural background will be set forth as necessary.

I

First, the defendant claims that the court improperly imposed an additional period of probation that exceeded the statutory maximum. We agree.

The defendant was arrested and charged in July, 1998, with having violated his probation, at which time he already had served twenty-three months of the five year probationary term that had been imposed in August, 1996. Upon revoking probation, the court sentenced the defendant to serve thirty months, execution suspended after ninety days, and five years probation.

The defendant concedes that this issue was not raised at his sentencing and, therefore, requests plain error review. "Plain error review is reserved for truly extraor-

dinary situations where the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings. . . . Plain error is a doctrine that should be invoked sparingly. . . . A party cannot prevail under plain error unless it has demonstrated that the failure to grant relief will result in manifest injustice." (Internal quotation marks omitted.) *State* v. *Trotter*, 69 Conn. App. 1, 12, 793 A.2d 1172, cert. denied, 260 Conn. 932, 799 A.2d 297 (2002). "A trial court commits plain error when it fails to apply a clearly relevant statute to the case before it." (Internal quotation marks omitted.) *State* v. *Guckian*, 27 Conn. App. 225, 246, 605 A.2d 874 (1992), aff'd, 226 Conn. 191, 627 A.2d 407 (1993).

General Statutes § 53a-32 (b) provides that once a probation violation is established, the court may extend the period of probation provided the original period with any extension shall not exceed the periods authorized by General Statutes § 53a-29. Section 53a-29 (d) provides in relevant part: "The period of probation . . . shall be as follows: (1) For a felony . . . not more than five years . . . ."

The defendant originally was convicted of possession of marijuana with intent to sell for which the maximum term of probation is five years. At the time that the defendant was arrested for violating his probation, he already had served twenty-three months of his five year probationary term. At the time of sentencing, the court was required to give the defendant credit for the twenty-three months of probation already served and, therefore, was authorized to order a maximum of thirty-seven months probation. The state agrees that the defendant should be credited with the twenty-three months of successful probation completed and, hence, that his probation should be reduced to thirty-seven months. Accordingly, we remand the case to the court for resentencing consistent with this opinion.

## II

The defendant next claims that he did not have fair notice of the charges against him because the information charging him with violating his probation was at variance with the evidence presented at the probation revocation hearing. We do not agree.

The defendant concedes that his claim is unpreserved and seeks review under *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989).[1] We review the defendant's claim because the record is adequate for review and the claim is of constitutional magnitude. See *State* v. *Clark*, 69 Conn. App. 41, 46, 794 A.2d 541 (2002). We conclude, however, that the claim fails under the third prong of *Golding* because the defendant has not established that the alleged constitutional violation clearly exists and clearly deprived him of a fair trial.

The following additional facts are relevant. The arrest application dated July 8, 1998, states that the defendant was arrested on September 7, 1997, and charged with reckless endangerment in the first degree and assault in the third degree in connection with events that occurred on June 13, 1997. The short form information dated July 9, 1998, states that the violation of probation occurred on or about July 8, 1998. Following an evidentiary hearing, the court found that the defendant had violated the conditions of his probation as a result of the events of June 13, 1997.

---

[1] In *Golding*, our Supreme Court held that "a defendant can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." (Emphasis in original.) *State* v. *Golding*, supra, 213 Conn. 239–40.

In *State* v. *Baxter*, 19 Conn. App. 304, 563 A.2d 721 (1989), the defendant was arrested and charged with having violated the terms of his probation. The information in that case was at variance with the affidavit in support of the arrest warrant. Id., 305. This court held that the defendant was not prejudiced by the variance between the information and the affidavit because "[t]he defendant's conduct of his defense was based on the warrant and its accompanying affidavit, as was the state's presentation of its case for the revocation of the defendant's probation. The affidavit on which the warrant was based was extremely specific, and the hearing was held based on the allegations in the affidavit. The defendant, therefore, was not prejudiced by the lack of specificity in the information." Id., 308–309.

In this case, the affidavit on which the warrant was based was specific, and the hearing was based on the allegations in the affidavit. The evidence presented by both the state and the defendant related to the defendant's conduct on June 13, 1997. In addition, the defendant did not raise an objection or request a continuance because of any confusion regarding the date he was alleged to have violated his probation.

We conclude, therefore, that the defendant had fair notice of the charges against him and that he was not prejudiced by the variance between the information and the evidence presented at his probation revocation hearing.

### III

The defendant next claims that his motion to dismiss should have been granted because the state's attorney initiated the probation revocation proceedings and not the office of adult probation in violation of General Statutes § 53a-32 and Practice Book § 43-29.[2] We do not agree.

[2] General Statutes § 53a-32 (a) provides in relevant part: "At any time during the period of probation or conditional discharge, the court or any

"We must first consider the standard of review where a claim is made that the court failed to grant a motion to dismiss. Our standard of review of a trial court's . . . conclusions of law in connection with a motion to dismiss is well settled. . . . [W]here the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct and whether they find support in the facts. . . . Thus, our review of the trial court's ultimate legal conclusion and resulting [denial] of the motion to dismiss will be de novo." (Internal quotation marks omitted.) *State* v. *Johnson*, 67 Conn. App. 299, 308, 786 A.2d 1269 (2001), cert. denied, 259 Conn. 918, 791 A.2d 566 (2002).

At the hearing on the motion to dismiss, the defendant's probation officer, Tina Merchant, testified that she had filed a motion with the court, notifying the court that the office of adult probation intended to charge the defendant with having violated his probation. She testified that prior to filing the notice with the court, she had a conversation with an assistant state's attorney but that the conversation had no influence on her decision. Probation Officer Alan B. Chubbuck testified that he prepared the arrest warrant at the direction of his supervisor and that he had no discussion with anyone from the state's attorney's office prior to preparing the warrant.

An examination of the record also discloses that on July 8, 1998, Chubbuck prepared and signed the affidavit for the arrest warrant, which was reviewed by the chief probation officer. The warrant was signed by the assis-

judge thereof may issue a warrant for the arrest of a defendant for violation of any of the conditions of probation or conditional discharge . . . ."

Practice Book § 43-29 provides in relevant part: "[P]roceedings for revocation of probation shall be initiated by an arrest warrant supported by an affidavit or by testimony under oath showing probable cause to believe that the defendant has violated any of the conditions of the defendant's probation . . . ."

tant state's attorney on July 9, 1998, and granted by the court that same day.

On the basis of our review of the record, we conclude that the revocation of probation proceedings were initiated by the office of adult probation rather than the state's attorney in accordance with the statutory requirements of § 53a-32. Accordingly, we conclude that the court properly denied the defendant's motion to dismiss.

IV

The defendant also claims that he should have been given the option to have a jury determine whether he violated a condition of his probation. Specifically, he claims that § 53a-32 violates article first, § 8, of the constitution of Connecticut, which guarantees a jury trial in all criminal prosecutions by information, including a probation revocation proceeding. That claim has no merit.

This identical claim was rejected in *State* v. *Wright*, 24 Conn. App. 575, 579–80, 590 A.2d 486 (1991). In *Wright*, this court held that although article first, § 8, provides that in all criminal prosecutions by information, the accused shall have a right to a jury trial, a probation revocation hearing is not a criminal prosecution. Id., 580. Accordingly, in this case, the defendant's constitutional right to a jury trial was not violated.

V

The defendant next claims that in the dispositional phase of the probation revocation proceeding, the court failed to make the findings that the beneficial ends of probation no longer were being served and that he constituted a danger to himself and to others before it revoked the probation and imposed sentence. We do not agree.

"Under General Statutes § 53a-32, a probation revocation hearing is comprised of two distinct components. . . . The trial court must first determine by a fair preponderance of the evidence whether the defendant has in fact violated a condition of probation. . . . If a determination is made that a violation has been established, the trial court then determines whether the defendant's probation should be revoked." (Citations omitted.) *State* v. *Pierce*, 64 Conn. App. 208, 212–13, 779 A.2d 233 (2001).

"On the basis of its consideration of the whole record, the trial court may continue or revoke the sentence of probation . . . [and] . . . require the defendant to serve the sentence imposed or impose any lesser sentence. . . . In making this second determination, the trial court is vested with broad discretion. . . . In determining whether to revoke probation, the trial court shall consider the beneficial purposes of probation, namely rehabilitation of the offender and the protection of society. . . . The important interests in the probationer's liberty and rehabilitation must be balanced, however, against the need to protect the public." (Citations omitted; internal quotation marks omitted.) *State* v. *Jones*, 67 Conn. App. 25, 28–29, 787 A.2d 43 (2001).

On the facts of this case, we conclude that the court did not abuse its discretion in revoking the defendant's probation. The court considered the entire record, listened to the arguments, requested an updated presentence investigation report, found that the defendant had violated his probation three other times and had exercised poor judgment in not backing off from any encounter. The court acted well within the bounds of its discretion in concluding that the rehabilitative purposes of the defendant's probation were not being met.

## VI

The defendant's final claim is that there was insufficient evidence to support the court's finding that he

had struck the alleged victim or that, even if he had done so, his actions were wilful. We disagree.

"[T]o support a finding of probation violation, the evidence must induce a reasonable belief that it is more probable than not that the defendant has violated a condition of his or her probation. . . . In making its factual determination, the trial court is entitled to draw reasonable and logical inferences from the evidence. . . . This court may reverse the trial court's initial factual determination that a condition of probation has been violated only if we determine that such a finding was clearly erroneous. . . . A finding of fact is clearly erroneous when there is no evidence to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. . . . In making this determination, every reasonable presumption must be given in favor of the trial court's ruling . . . ." (Internal quotation marks omitted.) *State* v. *McElveen*, 69 Conn. App. 202, 205, 797 A.2d 534 (2002).

In this case, the defendant was charged with the crime of assault in the third degree, stemming from an incident on June 13, 1997, in which the state alleged that he had struck the victim with his car. At the time of that incident, the defendant was on probation and, as a condition of probation, he was not to violate any laws of this state.

At the probation revocation hearing, the victim testified that the defendant struck him with his car as he was walking along a street. A neighbor also testified that she saw the defendant's car go toward the victim and that she saw the victim fall to the ground. In addition, a police officer who responded to the scene testified that he observed the victim's injuries, which were consistent with the victim's account of the events. The

defendant denied that he struck the victim with his car and presented a witness who corroborated his version of the events. Even though there was conflicting testimony at the hearing, it is the sole province of the court, as the trier of the facts, to weigh and to interpret the evidence before it, and to pass on the credibility of the witnesses. See *State* v. *Breckenridge,* 66 Conn. App. 490, 498, 784 A.2d 1034, cert. denied, 259 Conn. 904, 789 A.2d 991 (2001); see also 2 B. Holden & J. Daly, Connecticut Evidence (2d Ed. 1988) § 125a, p. 1219.

The defendant also claims that the court failed to find any wilful conduct on his part. That claim has no merit because our Supreme Court has held that wilfulness is not an element of a probation violation under § 53a-32. *State* v. *Hill,* 256 Conn. 412, 424, 773 A.2d 931 (2001).

On the basis of our review of the record, it is clear to us that the court based its finding that the defendant violated the terms of his probation on the credibility of the witnesses, which is solely within the province of the court as the trier of the facts. We therefore conclude that the court's finding that the defendant violated his probation as a result of having violated the laws of this state was not clearly erroneous.

The judgment is reversed only as to the defendant's sentence and the case is remanded for resentencing in accordance with this opinion.

In this opinion the other judges concurred.