## STATE OF CONNECTICUT *v.* JAMES GRANT
### (AC 17163)

O'Connell, C. J., and Lavery and Landau, Js.

Argued December 3, 1998—officially released February 16, 1999

*Paul R. Kraus*, special public defender, for the appellant (defendant).

*Nancy L. Chupak*, deputy assistant state's attorney, with whom, on the brief, were *John A. Connelly*, state's attorney, and *Catherine Brannelly-Austin*, assistant state's attorney, for the appellee (state).

*Opinion*

O'CONNELL, C. J. The defendant appeals from the judgment of conviction, rendered after a jury trial, of possession of a narcotic substance with intent to sell in violation of General Statutes § 21a-278 (b). He claims that the trial court (1) abused its discretion in admitting into evidence a brown paper bag and a toxicology report that identified the contents of the bag as narcotics and (2) improperly found that there was sufficient evidence to support his conviction. We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. On the morning of July 24, 1996, Detectives Patrick Deeley and Nicholas DeMatteis of the Waterbury police department were conducting undercover surveillance for drug activity in an area of Waterbury known for its heavy narcotics traffic. On the basis of information from confidential informants, the detectives went to this area specifically to look for the defendant. Both detectives knew the defendant from prior investigations and could readily identify him.

At approximately 9:20 a.m., they found the defendant sitting alone in a dark colored car that was parked at the corner of Hawkins and Pearl Streets with the engine running. As DeMatteis drove the unmarked police car behind the defendant's parked vehicle, the detectives observed a female approach the defendant's car and lean inside the car through the front passenger window. The defendant was facing the female and holding a brown paper bag. The female handed money to the defendant, who took it, reached into the paper bag and handed her a small item from inside the bag. On the

basis of their experience and training, the detectives deduced that they had witnessed a drug transaction. Consequently, DeMatteis exited the vehicle, approached the defendant and told him to shut off the engine. The defendant, instead, drove away at a high rate of speed. The detectives pursued the defendant in their car. In the midst of the pursuit, the defendant slowed down, drove close to the curb and threw a brown paper bag out of the front passenger window. Deeley observed the bag land in front of 34 Hawkins Street near the inside edge of the sidewalk. Deeley also noticed that the bag was crumbled up and resembled a Frisbee.

The detectives continued chasing the defendant until they lost sight of him in the vicinity of Bishop and Burton Streets. DeMatteis and Deeley continued their search for more than five minutes in an unsuccessful effort to locate the defendant. They then returned to 34 Hawkins Street to retrieve the paper bag that the defendant had thrown out of the window. DeMatteis located the bag lying in the same spot where Deeley had seen it land. Deeley noted that the bag was in the same condition as when it was thrown and did not appear to have been tampered with or opened. The bag contained twenty-one plastic bags of what toxicology tests showed to be cocaine and nineteen plastic bags of what tests showed to be heroin.

I

The defendant first argues that the trial court improperly admitted the brown paper bag and the toxicology report into evidence. He claims that the prejudicial effect of that evidence outweighed its probative value and, therefore, the trial court abused its discretion in allowing them into evidence. We disagree.

"The trial court's ruling on the admissibility of evidence is entitled to great deference. . . . The trial

court's ruling on evidentiary matters will be overturned only upon a showing of a clear abuse of the court's discretion. . . . We will make every reasonable presumption in favor of upholding the trial court's ruling, and only upset it for a manifest abuse of discretion. . . . Moreover, evidentiary rulings will be overturned on appeal only where there was an abuse of discretion and a showing by the defendant of substantial prejudice or injustice." (Citations omitted; internal quotation marks omitted.) *State* v. *Hines*, 243 Conn. 796, 801, 709 A.2d 522 (1998). "Evidence is considered relevant when it tends to establish the existence of a material fact or to corroborate other direct evidence in the case." (Internal quotation marks omitted.) *State* v. *Garcia*, 37 Conn. App. 619, 634, 657 A.2d 691, cert. denied, 234 Conn. 917, 661 A.2d 97 (1995).

In the present case, the detectives' testimony established that the defendant was observed holding the brown paper bag, retrieving a small item from it, exchanging that item for cash, driving off with the bag and later throwing it from the car. Furthermore, the detectives testified that they retrieved the bag in the same location and in the same condition as when they saw it leave the defendant's possession. Because the detectives' testimony connected the defendant with the paper bag, both the bag and the toxicology report of its contents were relevant to establish that the defendant possessed narcotics with the intent to sell. As such, the probative value of the evidence clearly outweighed its prejudicial effect. We therefore conclude that the trial court did not abuse its discretion in admitting the evidence.

II

The defendant next claims that the evidence was insufficient to support his conviction. Specifically, the defendant argues that the evidence adduced at trial was

insufficient to conclude that he was the driver of the automobile in question and the owner of the bag of drugs found on the street.

"Our courts utilize a two part analysis when reviewing a challenge to the sufficiency of evidence. *State* v. *Henning,* 220 Conn. 417, 420, 599 A.2d 1065 (1991). 'We first review the evidence in the light most favorable to sustaining the guilty verdict.' Id. 'We then determine, upon the facts thus established and the inferences reasonably drawn therefrom, whether any rational trier of fact could have concluded that the cumulative effect of the evidence established the defendant's guilt beyond a reasonable doubt.' Id. In the review process, the probative force of the evidence is not diminished if it consists, in whole or in part, of evidence that is circumstantial rather than direct. Id., 420–21. Findings of fact that are consistent with guilt are afforded great deference unless they are improbable and unconvincing. *State* v. *Osman,* 218 Conn. 432, 437, 589 A.2d 1227 (1991)." *State* v. *Paredes,* 35 Conn. App. 360, 372, 646 A.2d 234, cert. denied, 231 Conn. 925, 648 A.2d 166 (1994).

"[T]o prove possession of a narcotic substance, the state must establish beyond a reasonable doubt that the accused knew of the character of the drug and its presence and exercised dominion and control over it. . . . Where, as in the present case, the contraband is not found on the defendant's person, the state must proceed on the alternate theory of constructive possession, that is, possession without direct physical contact. . . . Where the defendant is not in exclusive possession of the premises where the narcotics are found, it may not be inferred that [the defendant] knew of the presence of the narcotics and had control of them, unless there are other incriminating statements or circumstances tending to buttress such an inference." (Internal

quotation marks omitted.) *State* v. *Thompson*, 46 Conn. App. 791, 797–98, 700 A.2d 1198 (1997).

Here, the jury was presented evidence that the defendant was the person in the car and knew of the presence of the narcotics in the paper bag and had control of them. Two experienced detectives familiar with the defendant identified him as the driver of the car and observed him receive money from a female and give her an item from a paper bag in a high drug traffic area. The defendant fled in his car when DeMatteis ordered him to shut off his engine. Deeley then observed the defendant throw the paper bag from his car and the detective noted its location and condition. The detectives returned to that location and retrieved the bag. Those facts give rise to a reasonable inference that the defendant knew of the presence of the drugs in the bag and that he exercised dominion and control over the drugs. See id. On the basis of this evidence, we conclude that the jury reasonably could have found that the defendant was the driver of the car and was in constructive possession of the narcotics in the paper bag.

The judgment is affirmed.

In this opinion the other judges concurred.