STATE OF CONNECTICUT *v.* ARNOLD PAYNE
(AC 25215)

Flynn, Harper and West, Js.

Argued February 14—officially released April 26, 2005

*Deborah G. Stevenson*, special public defender, for the appellant (defendant).

*Eileen F. McCarthy*, assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *James R. Dinnan*, senior assistant state's attorney, for the appellee (state).

*Opinion*

WEST, J. The defendant, Arnold Payne, appeals from the judgment of the trial court revoking his probation and committing him to the custody of the commissioner of correction for five years, execution suspended after three years, followed by probation for two years. On appeal, the defendant claims that the court improperly admitted a witness' prior inconsistent statement. We affirm the judgment of the trial court.

The defendant was convicted of risk of injury to a child in violation of General Statutes § 53-21 and sentenced on November 21, 2000, to six years imprisonment, execution suspended, and three years of probation. The special conditions of the defendant's probation required him to receive counseling for domestic violence and prohibited him from harming, threatening or harassing Shante Brown and her nephew, Rashan Bostic. The defendant was later found to be in violation

of his probation and was sentenced on August 10, 2001, to six years imprisonment, execution suspended after one year, and four years of probation. In addition to the same special conditions of probation that were mandated at the November, 2000 sentencing, the court also required the defendant to be evaluated and treated for substance abuse.

On December 27, 2002, while the defendant was visiting Brown's apartment in Hamden, he became involved in an argument with her brother, Jonathan W. Robinson. Bostic was also present in the apartment. Brown told the defendant to leave. A security officer on routine patrol for Southern Connecticut State University, which is adjacent to Brown's apartment building, saw the defendant in the building's courtyard. According to the security officer, David McNeice, Jr., the defendant yelled up to Brown's apartment, threatening to kill someone. The defendant then left the scene.

McNeice summoned Hamden police, who interviewed Brown, Bostic and Robinson. Bostic and Robinson also provided written statements. Bostic's written statement indicated that the defendant had tried to stab Bostic. Robinson's written statement indicated that the defendant had thrown a bottle at Robinson, tried to stab Bostic and threw rocks at one of the apartment's windows, nearly hitting Brown. Later that evening, the defendant visited the Hamden police department to file a complaint against Robinson. The defendant was then arrested on charges of disorderly conduct, risk of injury to a child and threatening.

The defendant's probation officer secured an arrest warrant for the defendant on the basis of the incident at Brown's apartment. The court held an evidentiary hearing on January 26, 2004, and found that the defendant had violated the conditions of his probation. The

court stated: "The court finds particularly persuasive the testimony of Officer McNeice, and that the threat was made by [the defendant] to kill and [that] it was directed to Shante Brown. That alone would persuade the court that there has been a violation of probation, but also the court finds that there was a threatening and violence directed to Mr. Robinson and Mr. Bostic." On January 29, 2004, the court sentenced the defendant to five years imprisonment, execution suspended after three years, and two years of probation. This appeal followed.

The defendant claims that the court abused its discretion in admitting into evidence the written statement that Robinson provided to the police. On direct examination by the state at trial, Robinson contradicted his written statement. Robinson testified that he had pushed the defendant and that Bostic mistakenly had believed that the defendant had a knife in his pocket. In light of Robinson's contradiction, the court told Robinson that his written statement had been made under oath and advised him of his right to remain silent. The prosecutor ended the direct examination and suggested that the court use Robinson's written statement for substantive purposes.[1] The court responded: "All right." We conclude that we need not reach the defendant's claim.

A probation revocation proceeding consists of an adjudicative phase and a dispositional phase. In the adjudicative phase, "[a] trial court . . . makes a factual determination of whether a condition of probation has

---

[1] Our Supreme Court has adopted "a rule allowing the substantive use of prior written inconsistent statements, signed by the declarant, who has personal knowledge of the facts stated, when the declarant testifies at trial and is subject to cross-examination." *State* v. *Whelan*, 200 Conn. 743, 753, 513 A.2d 86, cert. denied, 479 U.S. 994, 107 S. Ct. 597, 93 L. Ed. 2d 598 (1986).

been violated. In making its factual determination, the trial court is entitled to draw reasonable and logical inferences from the evidence. . . . Our review is limited to whether such a finding was clearly erroneous. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. . . . In making this determination, every reasonable presumption must be given in favor of the trial court's ruling." (Internal quotation marks omitted.) *State* v. *Faraday*, 268 Conn. 174, 185, 842 A.2d 567 (2004). Only the adjudicative phase of the present case is at issue.

After reviewing the evidence, the court found that McNeice's unchallenged testimony regarding the defendant's threat, in and of itself, was sufficient to support a finding that the defendant had violated the conditions of his probation. Therefore, additional findings, although made, were not necessary to support the court's decision. Because the court's finding of a violation of probation was based on McNeice's testimony, we determine that the finding is not clearly erroneous and therefore need not address the propriety of the court's consideration of Robinson's written statement.

The judgment is affirmed.

In this opinion the other judges concurred.