STATE OF CONNECTICUT *v.* KAREEM
ABDUL HEDGE
(AC 24764)

Dranginis, McLachlan and Foti, Js.

Argued March 21—officially released May 31, 2005

*Arthur L. Ledford*, special public defender, for the appellant (defendant).

*C. Robert Satti, Jr.*, senior assistant state's attorney, with whom, on the brief, were *Jonathan C. Benedict*, state's attorney, and *Nicholas J. Bove, Jr.*, senior assistant state's attorney, for the appellee (state).

*Opinion*

FOTI, J. The defendant, Kareem Abdul Hedge, appeals from the judgment of the trial court finding him in violation of his probation and committing him to the custody of the commissioner of correction for five years. On appeal, the defendant claims that there was insufficient evidence to prove that he violated his

probation by possessing narcotics in the automobile he was driving. We affirm the judgment of the trial court.

The defendant was convicted of possession of narcotics in violation of General Statutes § 21a-279 (a). On March 8, 2002, the defendant received a sentence of five years, execution suspended, and two years of probation. The special conditions of the defendant's probation prohibited him from possessing any narcotics, other drugs or weapons.

On May 11, 2002, the defendant was driving a car owned by his girlfriend, Renita Lathrop, when two Bridgeport police officers stopped him in connection with a motor vehicle violation. When the officers requested the defendant's driver's license and registration, the defendant opened the vehicle's center console, inside of which the officers observed a small plastic bag with a white, rock like substance. A field test revealed that the white substance was crack cocaine. The officers also observed dollar bills scattered inside the vehicle. The officers searched the entire vehicle and discovered 188 bags of drugs hidden in secret compartments. The defendant was arrested and charged with possession of narcotics.

At the probation revocation trial, Lathrop testified that her roommate, Lonnie Shepherd, and the father of her two children, Kim Jackson, each had borrowed her car shortly before the defendant drove it. Lathrop also testified that Jackson sometimes left drugs in her car. After considering the testimony of the officers and Lathrop, the court found that the defendant had violated his probation by possessing the one bag of narcotics in the center console of Lathrop's car. The court determined that the state had not linked the defendant to the 188 bags of drugs hidden in Lathrop's car. In the dispositional phase of the proceeding, the court concluded that the defendant was not amenable to further

rehabilitation and therefore sentenced him to five years incarceration. This appeal followed.

"[A] probation revocation hearing is comprised of two distinct components. . . . The trial court must first determine by a fair preponderance of the evidence whether the defendant has in fact violated a condition of probation. . . . If a determination is made that a violation has been established, the trial court then determines whether the defendant's probation should be revoked." (Citations omitted.) *State* v. *Pierce*, 64 Conn. App. 208, 212–13, 779 A.2d 233 (2001).

"On the basis of its consideration of the whole record, the trial court may continue or revoke the sentence of probation . . . [and] . . . require the defendant to serve the sentence imposed or impose any lesser sentence. . . . In making this second determination, the trial court is vested with broad discretion. . . . In determining whether to revoke probation, the trial court shall consider the beneficial purposes of probation, namely rehabilitation of the offender and the protection of society. . . . The important interests in the probationer's liberty and rehabilitation must be balanced, however, against the need to protect the public." (Citations omitted; internal quotation marks omitted.) *State* v. *Jones*, 67 Conn. App. 25, 28–29, 787 A.2d 43 (2001).

To support a finding of a probation violation, the evidence must induce a reasonable belief that it is more probable than not that the defendant has violated a condition of his probation. A fact is more probable than not when it is supported by a fair preponderance of the evidence. *State* v. *Haggood*, 36 Conn. App. 753, 767–68, 653 A.2d 216, cert. denied, 233 Conn. 904, 657 A.2d 644 (1995). "In making its factual determination, the trial court is entitled to draw reasonable and logical inferences from the evidence [presented]." (Internal quotation marks omitted.) *State* v. *McElveen*, 69 Conn. App.

202, 205, 797 A.2d 534 (2002). As a reviewing court, we "may reverse the trial court's initial factual determination that a condition of probation has been violated only if we determine that such a finding was clearly erroneous. . . . A finding of fact is clearly erroneous when there is no evidence to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. . . . In making this determination, every reasonable presumption must be given in favor of the trial court's ruling . . . ." (Internal quotation marks omitted.) *State* v. *Welch*, 40 Conn. App. 395, 401, 671 A.2d 379, cert. denied, 236 Conn. 918, 673 A.2d 1145 (1996).

The defendant argues that the state failed to prove that he was in exclusive possession and control of Lathrop's car. He also contends that the bag of crack cocaine in the center console was not open and obvious to him. We are not persuaded. The defendant's reliance on *State* v. *Alfonso*, 195 Conn. 624, 490 A.2d 75 (1985), is misplaced because that case concerned nonexclusive possession of premises. The defendant was the driver and sole occupant of Lathrop's car when he was stopped. The defendant voluntarily opened the center console while looking for his driver's license, thereby placing the bag of crack cocaine in the officers' plain view. The facts, as found from the evidence, not only give rise to a reasonable inference that the defendant knew of the presence of the bag of crack cocaine, but also that he exercised dominion and control over it. See, e.g., *State* v. *Grant*, 51 Conn. App. 824, 829, 725 A.2d 367, cert. denied, 248 Conn. 916, 734 A.2d 568 (1999); *State* v. *Thompson*, 46 Conn. App. 791, 798, 700 A.2d 1198 (1997).

It is the sole province of the court, as the trier of the facts, to weigh and to interpret the evidence before it, and to pass on the credibility of the witnesses. *State* v.

*Breckenridge,* 66 Conn. App. 490, 498, 784 A.2d 1034, cert. denied, 259 Conn. 904, 789 A.2d 991 (2001); see also 2 B. Holden & J. Daly, Connecticut Evidence (2d Ed. 1988) § 125a, p. 1219. It is clear to us from the record that the court based its finding that the defendant violated his probation on the credibility of the witnesses. We therefore conclude that the court's finding was not clearly erroneous.

The judgment is affirmed.

In this opinion the other judges concurred.