STATE OF CONNECTICUT *v.* CARLOS QUINONES
(AC 25630)

Dranginis, Bishop and Harper, Js.

Argued September 27—officially released November 22, 2005

*Katherine C. Essington,* special public defender, for the appellant (defendant).

*Richard Keenan Greenalch, Jr.,* certified legal intern, with whom were *Susann E. Gill,* senior assistant state's attorney, and, on the brief, *Michael Dearington,* state's

attorney, and *John P. Doyle, Jr.*, assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Carlos Quinones, appeals from the judgment of the trial court revoking his probation and imposing a four year sentence of incarceration. On appeal, the defendant claims that the court (1) improperly found a violation of probation on the basis of inadmissible and insufficient evidence and (2) abused its discretion in revoking his probation. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to the defendant's appeal. On July 6, 2000, the defendant was sentenced to seven years incarceration, execution suspended after two years, followed by a five year period of probation for possession of narcotics in violation of General Statutes § 21a-279 (a). The terms of the defendant's probation included the conditions that he report to his probation officer as directed, not violate any criminal law, obtain a drug screening and evaluation, and complete a substance abuse treatment program with random urine tests. The defendant signed the notice of his conditions of probation.

During the defendant's period of probation, he failed to report to his probation officer as directed, tested positive for cocaine on at least two occasions and failed to complete a substance abuse treatment program.[1] On July 22, 2003, an arrest warrant was issued for the defendant, alleging that he violated the conditions of his probation by not reporting to his probation officer, violating a criminal law and failing to complete a substance abuse treatment program. On April 15, 2004, a revocation of probation hearing was held, in which the

---

[1] During the defendant's probation period, he entered two different substance abuse treatment programs, yet he failed to complete either program.

court found that the defendant had violated the conditions of his probation. The court revoked the defendant's probation and sentenced him to four years incarceration. This appeal followed.

"A revocation of probation hearing has two distinct components and two purposes. A factual determination by a trial court as to whether a probationer has violated a condition of probation must first be made. If a violation is found, a court must next determine whether probation should be revoked because the beneficial aspects of probation are no longer being served. . . . Since there are two distinct components of the revocation hearing, our standard of review differs depending on which part of the hearing we are reviewing. . . .

"A trial court initially makes a factual determination of whether a condition of probation has been violated. In making its factual determination, the trial court is entitled to draw reasonable and logical inferences from the evidence. . . . Our review is limited to whether such a finding was clearly erroneous. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. . . . In making this determination, every reasonable presumption must be given in favor of the trial court's ruling." (Internal quotation marks omitted.) *State* v. *Faraday*, 268 Conn. 174, 185, 842 A.2d 567 (2004).

Furthermore, we note that a violation of any one condition of probation would suffice to serve as a basis for revoking the defendant's probation. "Our law does not require the state to prove that all conditions alleged were violated; it is sufficient to prove that one was violated." *State* v. *Widlak*, 74 Conn. App. 364, 370, 812 A.2d 134 (2002), cert. denied, 264 Conn. 902, 823 A.2d

1222 (2003); see also *State* v. *Payne*, 88 Conn. App. 656, 660, 870 A.2d 1159, cert. denied, 274 Conn. 903, 876 A.2d 13 (2005).

I

The defendant first claims that there was insufficient evidence before the court to establish by a preponderance of the evidence that he failed to comply with the conditions of his probation because the court improperly admitted and relied on the testimony of his probation officer and other evidence. Although the defendant has framed his claim as one of insufficient evidence, he in fact claims that the court improperly admitted evidence. We disagree.

We first note that the rules of evidence do not apply to probation proceedings. See Conn. Code Evid. § 1-1 (d) (3) and (4). "It is well settled that probation proceedings are informal and that strict rules of evidence do not apply to them. . . . Hearsay evidence may be admitted in a probation revocation hearing if it is relevant, reliable and probative." (Citation omitted.) *State* v. *Verdolini*, 76 Conn. App. 466, 471, 819 A.2d 901 (2003). The court found the testimony of the defendant's probation officer and a letter from personnel at one of the two treatment centers submitted at the revocation hearing to be relevant, reliable and probative. We are mindful that it is not the role of the reviewing court to assess the credibility of witnesses; rather, that is the function of the trial court. See *State* v. *Days*, 89 Conn. App. 789, 794, 875 A.2d 59, cert. denied, 275 Conn. 909, 882 A.2d 677 (2005).

After reviewing the record in its entirety, we conclude that the state adduced sufficient evidence to prove by a preponderance of the evidence that the defendant violated the conditions of his probation by failing to report to his probation officer as directed, testing posi-

tive for cocaine and failing to complete a substance abuse treatment program.

## II

Finally, the defendant claims that the court abused its discretion in sentencing him to four years of incarceration. We are not persuaded.

"Under [General Statutes] § 53a-32, once the trial court determines that the evidence has established a violation of a condition of probation, it proceeds to the second component of probation revocation, the determination of whether the defendant's probationary status should be revoked. On the basis of its consideration of the whole record, the trial court may continue or revoke the sentence of probation . . . [and] . . . require the defendant to serve the sentence imposed or impose any lesser sentence. . . . In making this second determination, the trial court is vested with broad discretion." (Internal quotation marks omitted.) *State* v. *Jones*, 67 Conn. App. 25, 28, 787 A.2d 43 (2001). "In determining whether to revoke probation, the trial court shall consider the beneficial purposes of probation, namely rehabilitation of the offender . . . . The important interests in the probationer's liberty and rehabilitation must be balanced, however, against the need to protect the public." (Internal quotation marks omitted.) Id., 29.

On the basis of our review of the trial court's findings of fact, we conclude that the court did not abuse its discretion in revoking the defendant's probation and sentencing him to the remaining four years of incarceration on the underlying conviction.

The judgment is affirmed.