STATE OF CONNECTICUT *v.* NAJEE MUHAMMAD
(AC 29287)

Harper, Beach and West, Js.

Argued March 19—officially released September 22, 2009

*Deborah G. Stevenson*, special public defender, for the appellant (defendant).

*Adam E. Mattei*, special deputy assistant state's attorney, with whom, on the brief, were *Jonathan C. Benedict*, state's attorney, and *Cornelius P. Kelly*, senior assistant state's attorney, for the appellee (state).

*Opinion*

HARPER, J. The defendant, Najee Muhammad, also known as Lester A. Edwards, appeals from the judgment of the trial court revoking his probation pursuant to General Statutes § 53a-32. The defendant claims that (1) the court based its revocation on a clearly erroneous finding of fact, (2) the court improperly failed to make any findings of fact or conclusions of law as to whether he had acted in self-defense during the incident underlying the violation of probation charge and (3) the court improperly failed to permit him to review and to present medical records supporting his claim of self-defense. With regard to the first claim raised by the defendant, we affirm the judgment of the trial court. With regard to the remaining claims raised by the defendant, we dismiss the appeal.

The following facts and procedural history underlie the defendant's appeal. In November, 2002, the defendant was convicted, following his plea of nolo contendere, of risk of injury to a child in violation of General Statutes § 53-21 (a) (2). That charge arose from allegations that the defendant engaged in sexual contact with his daughter when she was eight years old. The court sentenced the defendant to a ten year term of incarceration, suspended after five years, followed by ten years of probation. In January, 2007, the defendant began serving his term of probation. Among the standard conditions of his probation was that he not violate any criminal law of this state.

Subsequently, the defendant was arrested following an incident that occurred on April 24, 2007. Following the defendant's arrest, a probation officer filed a violation of probation motion, form JD-CR-59V, alleging that the defendant had violated a criminal law of this state. In August, 2007, the court held a hearing related to the motion. The defendant did not testify at the hearing. At the hearing, the state presented evidence that, on April 24, 2007, the defendant was outside the home of a seventeen year old female to whom he had directed comments of a sexual nature. The teenager reported the defendant's presence to her mother, who was traveling home with a male companion, the victim. When the victim arrived on the scene, he exited his automobile, observed the defendant and spoke with the defendant. After the two men argued with each other, the victim turned to walk away. At that time, the defendant struck the victim in the back of the head, causing significant injury. The police were called to the scene. A police officer stopped the defendant's automobile, which was nearby, and the defendant admitted striking the victim in the head.

At the end of the adjudicative phase of the proceeding, the court found that the defendant, by committing

an assault on the victim, committed breach of the peace in the second degree in violation of General Statutes § 53a-181. During the dispositional phase of the proceeding, the prosecutor argued that, in light of the defendant's criminal history and assaultive conduct during this incident, a sentence of incarceration for the remaining five years of the defendant's unexecuted sentence was appropriate. The defendant's attorney argued that the defendant remained a good risk for probation. The defendant also addressed the court personally, stating that he had acted in self-defense during the incident and that his criminal record was in the past. Following the dispositional phase of the proceeding, the court revoked the defendant's probation and sentenced the defendant to a term of incarceration of five years, suspended after three years, followed by twenty years of probation. The court also ordered the defendant to undergo sex offender evaluation and treatment.[1] From the judgment revoking probation, the defendant appeals.

Several days after the court rendered its decision in the violation of probation case, the defendant appeared

---

[1] The court stated its decision orally following both phases of the revocation of probation proceeding; its decision appears within the certified transcript of the proceeding filed by the defendant. The record, however, does not contain a signed transcript of the court's decision as is required by Practice Book § 64-1 (a). The record reflects that the defendant filed a motion, pursuant to Practice Book § 64-1 (b), providing notice that the court had not filed a signed transcript of its oral decision. Although the appellate clerk forwarded the notice to the trial court, the record does not reflect that the trial court complied with Practice Book § 64-1 (a). Also, the record does not reflect that the defendant took any additional steps to obtain a decision in compliance with Practice Book § 64-1 (a). Pursuant to Practice Book § 61-10, it is the appellant's responsibility to provide this court with an adequate record for review.

Despite the absence of a signed transcript of the court's oral decision, our ability to review the claims raised on appeal is not hampered because we are able readily to identify in the transcript of the proceeding a sufficiently detailed and concise statement of the court's findings. See *State* v. *Brunette*, 92 Conn. App. 440, 446, 886 A.2d 427 (2005), cert. denied, 277 Conn. 902, 891 A.2d 2 (2006).

in court to respond to the criminal charge underlying the violation of probation charge. Specifically, on August 28, 2007, the defendant pleaded guilty to the crime of breach of the peace in the second degree. That charge arose from the defendant's conduct in striking the victim on April 24, 2007. The court accepted the defendant's plea and subsequently imposed sentence related thereto. The defendant has not appealed from that judgment.

I

First, the defendant claims that the court revoked his probation on the basis of a clearly erroneous finding of fact, which is that he had committed the crime of assault in the third degree. We reject the defendant's claim.

At the conclusion of the adjudicative phase of the proceeding, the court stated in relevant part: "The court finds that the defendant had notice of the special conditions of his probation as well as the regular or normal conditions of his probation, specifically, that he not violate any laws of the state of Connecticut . . . . And the court finds, based upon all of the credible evidence presented here today that the defendant did, on April 24, 2007, assault [the victim], and violated [General Statutes §] 53a-181, breach of [the] peace in the second degree, which reads that a person is guilty of breach of the peace in the second degree when, with the intent to cause inconvenience, annoyance or alarm, or recklessly creating a risk thereof, such person assaults or strikes another. So . . . there is sufficient evidence for this court to find by a preponderance of the evidence that the state has met its burden of proof that the defendant did violate that condition of his probation." The next day, when the court set forth its decision in the dispositional phase of the proceeding, the court referred to the fact that the defendant had been arrested on an "assault charge." The court stated, inter alia,

that the defendant had violated the conditions of his probation "by committing an assault in the third degree."

The defendant argues that the court based its disposition solely on a finding that he had committed the crime of assault in the third degree. The defendant argues that this was improper because, during the adjudicative phase of the proceeding, the court had made a finding of criminal liability that was "wholly unrelated to any assault statute." The defendant also asserts that a finding that he had committed the crime of assault in the third degree was clearly erroneous.[2]

The defendant's claim is based on a flawed interpretation of the court's decision. Following the adjudicative phase of the proceeding, the court unambiguously determined that the defendant had violated the breach of the peace statute as a result of his assaultive conduct on April 24, 2007. In the adjudicative phase of a probation revocation proceeding, "[a] trial court . . . makes a factual determination of whether a condition of probation has been violated." (Internal quotation marks omitted.) *State* v. *Payne*, 88 Conn. App. 656, 659–60, 870 A.2d 1159, cert. denied, 274 Conn. 903, 876 A.2d 13 (2005). The defendant does not claim that the court's

---

[2] We view the defendant's claim as being related to the dispositional phase of the probation revocation proceeding. Specifically, the defendant claims that during the dispositional phase, the court improperly relied on a finding of criminal liability that was not made during the adjudicative phase of the proceeding.

The defendant also asserts that if the court found that he had committed assault in the third degree, such a finding was clearly erroneous. There are several problems with this aspect of the claim. First, the defendant has not attempted to demonstrate, in his analysis of the claim, that the evidence did not support such a finding. Second, we interpret the court's decision as resting on the defendant's violation of the statute on breach of the peace in the second degree. Third, to the extent that the court found that the defendant had engaged in assaultive conduct as a basis for its finding that he had committed breach of the peace in the second degree, we do not review such finding for the reasons explained in part II of this opinion.

determination that he violated the breach of the peace statute was clearly erroneous or that, as a matter of law, it did not constitute a sufficient ground on which to revoke his probation. Insofar as the defendant asserts that the court, in the dispositional phase, did not base its revocation on this finding of criminal conduct, there is no merit to his claim.

During the dispositional phase of the proceeding, the court clearly referred to the fact that the defendant had committed an assault. The court did not explain that the defendant's assaultive conduct was the basis of its finding that the defendant had committed breach of the peace in the second degree, as it had done during the adjudicative phase of the proceedings. We, however, interpret the court's statements in light of its unambiguous findings in the adjudicative phase of the proceeding that the defendant's assaultive conduct was, in fact, the basis of its determination that the defendant had violated the breach of the peace statute. Contrary to the defendant's argument, this determination was intricately and logically related to the court's finding that the defendant had assaulted the victim on April 24, 2007. As the court correctly explained in its decision, a person may commit breach of the peace in the second degree in violation of § 53a-181 (a) (2) by "assault[ing] or strik[ing] another."

Accordingly, the defendant's claim that the court abused its discretion in the dispositional phase of the probation revocation proceeding because its revocation was not based on its finding of criminal liability in the adjudicative phase of the proceeding is without merit.

## II

The second and third claims raised by the defendant relate to his claim of self-defense that he asserted during the probation revocation hearing. The defendant claims that the court improperly failed to make any findings

of fact or conclusions of law as to whether he had acted in self-defense during the incident underlying the violation of probation charge. The defendant also claims that the court improperly failed to permit him to review and to present medical records of the victim that, he argues, supported his claim of self-defense. We agree with the state's assertion that those claims have been rendered moot by the criminal proceeding that followed the revocation of probation proceeding.

As stated previously, following the violation of probation proceeding, the defendant pleaded guilty to the crime of breach of the peace in the second degree in connection with his conduct toward the victim on April 24, 2007. The court accepted the defendant's plea and sentenced the defendant in accordance with the plea. The defendant has not appealed from that judgment of conviction.

"Mootness implicates a court's subject matter jurisdiction and, therefore, presents a question of law over which we exercise plenary review. . . . For a case to be justiciable, it is required, among other things, that there be an actual controversy between or among the parties to the dispute . . . . [T]he requirement of an actual controversy . . . is premised upon the notion that courts are called upon to determine existing controversies, and thus may not be used as a vehicle to obtain advisory judicial opinions on points of law." (Citations omitted; internal quotation marks omitted.) *State* v. *T.D.*, 286 Conn. 353, 361, 944 A.2d 288 (2008).

Several relevant holdings guide our analysis. In *State* v. *Singleton*, 274 Conn. 426, 439, 876 A.2d 1 (2005), our Supreme Court held: "Where, subsequent to a finding of violation of probation, a defendant is criminally convicted for the same conduct underlying the violation of probation, his appeal from that judgment of violation of probation is rendered moot because there is no

longer any live controversy about whether he engaged in the conduct for which his probation was violated."

In *State* v. *T.D.*, supra, 286 Conn. 366–67, our Supreme Court held: "[A] conviction following a jury verdict is indistinguishable from a conviction following a guilty plea or *Alford*[3] plea for purposes of eliminating any controversy over whether the criminal conduct underlying a violation of probation has occurred. If a defendant has been convicted of criminal conduct, following either a guilty plea, *Alford* plea or a jury trial, and the defendant does not challenge that conviction by timely appealing it, then the conviction conclusively establishes that the defendant engaged in that criminal conduct. An appeal challenging a finding of violation of probation based on that conduct is, therefore, moot."

In *State* v. *Preston*, 286 Conn. 367, 380, 944 A.2d 276 (2008), our Supreme Court held that an occurrence that renders moot a claim arising from the adjudicative phase of a revocation of probation proceeding does not render moot a claim arising from the dispositional phase of the proceeding. The court explained: "Although a finding of abuse of discretion during the dispositional phase will be rare when there is no live controversy as to whether the defendant violated his probation by committing a criminal offense, affirmance of the trial court's judgment is not a foregone conclusion. We conclude that, when the defendant has raised a claim that the trial court abused its discretion in rendering its judgment during the dispositional phase, practical relief is available even when there is no live controversy as to whether the defendant committed the underlying offense and, therefore, the claim is not moot." Id., 381–82.

The court, in the adjudicative phase, properly determined whether the defendant had violated a condition

---

[3] See *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

of his probation, as alleged, by engaging in criminal conduct. The court found that the defendant had engaged in criminal conduct by committing breach of the peace in the second degree. Having found that the defendant was criminally liable for his conduct, the court turned to the dispositional phase of the proceeding. The dispositional phase of the proceeding has a distinct purpose narrowly defined by law. "In the dispositional phase, [i]f a violation is found, a court must next determine whether probation should be revoked because the beneficial aspects of probation are no longer being served." (Internal quotation marks omitted.) Id., 375–76.

In accordance with the case law set forth previously, a claim by the defendant related to the adjudicative phase of the probation revocation proceeding is rendered moot by his subsequent conviction arising out of that same conduct, from which he has not appealed. In contrast, a claim by the defendant related to the dispositional phase of the probation revocation proceeding is not rendered moot by his subsequent conviction. We thoroughly have reviewed the defendant's claims and the analysis of those claims. Although they are couched as relating to the dispositional phase of the proceeding, we conclude that, in substance, the claims are nothing more than challenges to the court's finding in the adjudicative phase that he had engaged in criminal conduct. The defendant's claims are related to his theory of self-defense and can only be viewed as an attempt to challenge whether he had engaged in criminal conduct on April 24, 2007, not whether the court abused its discretion in the dispositional phase of the proceeding. Following the defendant's guilty plea in the criminal case, there is no live controversy as to whether he violated his probation on April 24, 2007, by committing a criminal offense, breach of the peace in the second degree. Accordingly, we dismiss as moot

the defendant's claims relating to the adjudicative phase of the probation revocation proceeding.

The judgment is affirmed. The appeal is dismissed with respect to the defendant's second and third claims.

In this opinion the other judges concurred.