## STATE OF CONNECTICUT *v.* COREY MAPP
### (AC 29483)

Harper, Robinson and Berdon, Js.

---

Argued May 20—officially released December 22, 2009

*Anthony E. Parent,* special public defender, for the appellant (defendant).

*Eric M. Fizur,* certified legal intern, with whom were *Michele C. Lukban,* senior assistant state's attorney, and, on the brief, *Michael Dearington,* state's attorney,

and *Marc G. Ramia,* assistant state's attorney, for the appellee (state).

*Opinion*

ROBINSON, J. The defendant, Corey Mapp, appeals from the judgment of the trial court finding him in violation of his probation and revoking probation pursuant to General Statutes (Rev. to 2005) § 53a-32.[1] On appeal, the defendant claims that the court (1) improperly found that there was sufficient evidence before it to establish, by a preponderance of the evidence, that he violated the terms of his probation by possessing a

[1] General Statutes (Rev. to 2005) § 53a-32 provides in relevant part: "(a) At any time during the period of probation or conditional discharge, the court or any judge thereof may issue a warrant for the arrest of a defendant for violation of any of the conditions of probation or conditional discharge, or may issue a notice to appear to answer to a charge of such violation, which notice shall be personally served upon the defendant. Any such warrant shall authorize all officers named therein to return the defendant to the custody of the court or to any suitable detention facility designated by the court. . . . Upon such arrest and detention, the probation officer shall immediately so notify the court or any judge thereof. Thereupon, or upon an arrest by warrant as herein provided, the court shall cause the defendant to be brought before it without unnecessary delay for a hearing on the violation charges. At such hearing the defendant shall be informed of the manner in which such defendant is alleged to have violated the conditions of such defendant's probation or conditional discharge, shall be advised by the court that such defendant has the right to retain counsel and, if indigent, shall be entitled to the services of the public defender, and shall have the right to cross-examine witnesses and to present evidence in such defendant's own behalf.

"(b) If such violation is established, the court may . . . (4) revoke the sentence of probation or conditional discharge. If such sentence is revoked, the court shall require the defendant to serve the sentence imposed or impose any lesser sentence. Any such lesser sentence may include a term of imprisonment, all or a portion of which may be suspended entirely or after a period set by the court, followed by a period of probation with such conditions as the court may establish. No such revocation shall be ordered, except upon consideration of the whole record and unless such violation is established by the introduction of reliable and probative evidence and by a preponderance of the evidence."

We note that § 53a-32 was revised in 2008. See Public Acts 2008, No. 08-102, § 7. Those amendments, however, are not relevant to this appeal. Therefore, all references to § 53a-32 hereafter are to the 2005 revision.

firearm and (2) abused its discretion in revoking his probation and sentencing him when it found that the rehabilitative aspects of his probation were no longer being met. We dismiss the appeal as it relates to whether the defendant violated the terms of his probation and otherwise affirm the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of the defendant's appeal. On March 28, 2002, in accordance with General Statutes (Rev. to 2001) § 54-76b, the defendant pleaded guilty, as a youthful offender, to the charge of conspiracy to commit robbery in the first degree in violation of General Statutes §§ 53a-134 (a) (4) and 53a-48. Pursuant to General Statutes (Rev. to 2001) § 54-76b, the court sentenced the defendant to a term of ten years imprisonment, execution suspended after four years, followed by three years of probation. On November 23, 2005, the defendant was released from prison and began serving his probationary term. Upon his release from prison, the defendant signed a form listing his conditions of probation, which included not only general conditions, but also special conditions that he obtain a high school diploma or pass the General Education Development examination, otherwise known as the GED test, and verify that he was working thirty-five hours per week, consisting of school, work or community service. At no point did the defendant ever provide the court with verification that he had complied with any of the three special conditions of his probation.

While on probation, on July 19, 2006, the police found a stolen gun in a vehicle that the defendant was driving. Also as a result of that incident, the defendant was charged with (1) repeatedly failing to report to his probation officer in violation of § 53a-32; (2) operating a motor vehicle on a public highway while his right to operate was under suspension in violation of General Statutes § 14-215; (3) carrying a pistol on his person

without a permit to do so in violation of General Statutes § 29-35; (4) having a pistol in a motor vehicle without a permit in violation of General Statutes § 29-38; (5) possessing, obtaining and withholding a stolen firearm in violation of General Statutes § 53a-212; and (6) interfering with a police officer or officers acting in the performance of the officers' duties by obstructing, resisting, hindering and endangering the officers in violation of General Statutes (Rev. to 2005) § 53a-167a, as amended by Public Acts 2005, No. 05-180, § 6. As a result of these charges, an arrest warrant was also issued against the defendant for violation of probation pursuant to § 53a-32.

At the conclusion of an evidentiary hearing on September 12, 2007, the court found the defendant to be in violation of his probation, revoked his probationary status and ordered him to serve the suspended portion of his original sentence, which amounted to five and one-half years of incarceration. On the strength of the evidence adduced at that time, the court concluded that (1) the defendant had been in possession of a firearm, which violated the terms of his probation; (2) the defendant had failed to provide any verification of his compliance with the special conditions of his probation, which also violated the terms of his probation; and (3) the combination of possessing a firearm and failing to meet the special conditions of his probation demonstrated that the rehabilitative and beneficial aspects of probation were not being met. Shortly thereafter, roughly two months prior to the filing of this appeal, the defendant pleaded guilty to illegal possession of a weapon in a motor vehicle, in violation of § 29-38, and was sentenced to two years of incarceration. The conduct underlying that criminal conviction was the same conduct underlying his violation of probation. The twenty day window to file a timely appeal[2] from this conviction has elapsed, and the defendant has not appealed.

___

[2] See Practice Book (2007) § 63-1 (b) and (c).

I

The defendant first claims that the court improperly found that there was sufficient evidence before it to establish, by a preponderance of the evidence, that he violated the terms of his probation by possessing a firearm. Before we address the merits of the defendant's claim, we must address the state's contention that this issue is moot.

"Mootness implicates a court's subject matter jurisdiction and, therefore, presents a question of law over which we exercise plenary review. . . . For a case to be justiciable, it is required, among other things, that there be an actual controversy between or among the parties to the dispute . . . . [T]he requirement of an actual controversy . . . is premised upon the notion that courts are called upon to determine existing controversies, and thus may not be used as a vehicle to obtain advisory judicial opinions on points of law. . . . Moreover, [a]n actual controversy must exist not only at the time the appeal is taken, but also throughout the pendency of the appeal. . . . When, during the pendency of an appeal, events have occurred that preclude an appellate court from granting any practical relief through its disposition of the merits, a case has become moot." (Citations omitted; internal quotation marks omitted.) *State* v. *T.D.*, 286 Conn. 353, 361, 944 A.2d 288 (2008).

The state contends that because the conduct underlying the defendant's guilty plea and conviction of illegal possession of a firearm forms the basis of the probation violation, and the defendant has not pursued a timely appeal from that judgment of conviction, an appeal challenging the court's reliance on that conduct in finding a violation of his probation is rendered moot. The state claims that because of the guilty plea and conviction, no live controversy concerning the defendant's conduct exists. We agree.

In *State* v. *Singleton*, 274 Conn. 426, 439, 876 A.2d 1 (2005), our Supreme Court held that "[w]here, subsequent to a finding of violation of probation, a defendant is criminally convicted for the same conduct underlying the violation of probation, his appeal from that judgment of violation of probation is rendered moot because there is no longer any live controversy about whether he engaged in the conduct for which his probation was violated."

Similarly, in *State* v. *T.D.*, supra, 286 Conn. 366–67, our Supreme Court held that "[i]f a defendant has been convicted of criminal conduct, following either a guilty plea, *Alford* plea[3] or a jury trial, and the defendant does not challenge that conviction by timely appealing it, then the conviction conclusively establishes that the defendant engaged in that criminal conduct. An appeal challenging a finding of violation of probation based on that conduct is, therefore, moot. When, however, the defendant has pursued a timely appeal from a conviction for criminal conduct and that appeal remains unresolved, there exists a live controversy over whether the defendant engaged in the criminal conduct, and an appeal challenging a violation of probation stemming from that conduct is not moot."

In the present case, the defendant pleaded guilty to and was convicted of a crime involving the same conduct for which his probation was revoked. The twenty day window to file an appeal from that judgment of conviction has elapsed, and the defendant has not

---

[3] See *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970). Under *Alford*, "a criminal defendant is not required to admit his guilt . . . but consents to being punished as if he were guilty to avoid the risk of proceeding to trial. . . . A guilty plea under the *Alford* doctrine is a judicial oxymoron in that the defendant does not admit guilt but acknowledges that the state's evidence against him is so strong that he is prepared to accept the entry of a guilty plea nevertheless." (Internal quotation marks omitted.) *State* v. *Fowlkes*, 283 Conn. 735, 736 n.1, 930 A.2d 644 (2007).

appealed. On the basis of *Singleton* and *T.D.*, we conclude that there is no live controversy concerning the conduct underlying the defendant's violation of probation. Therefore, the defendant's claim that the evidence was insufficient to support the court's finding that he violated the terms of his probation by possessing a firearm has become moot.[4]

## II

Although the defendant's first claim is moot, we must nevertheless address the defendant's claim that the court abused its discretion in revoking his probation and ordering him to serve the remainder of his original sentence. See *State* v. *Preston*, 286 Conn. 367, 381–82, 944 A.2d 276 (2008) ("when the defendant has raised a claim that the trial court abused its discretion in rendering its judgment during the dispositional phase, practical relief is available even when there is no live controversy as to whether the defendant committed the underlying offense and, therefore, the claim is not moot"). We conclude that the court did not abuse its discretion.

The defendant argues that the court relied on his unsupported gun possession charge when it concluded that the beneficial aspects of his probation were no longer being served and revoked his probation. The defendant also argues that the court had evidence that he made efforts to further his education, secure employment and that, prior to the July 19, 2006 incident, his probation officer never had a reason to warn him of a violation of probation.

"If a violation [of probation] is found, a court must next determine whether probation should be revoked because the beneficial aspects of probation are no

---

[4] To the extent that the defendant challenges the validity of his guilty plea, we decline to address his claim because the guilty plea cannot be challenged in this forum. *State* v. *Singleton*, supra, 274 Conn. 426.

longer being served." (Internal quotation marks omitted.) *State* v. *Ellis T.*, 92 Conn. App. 247, 250, 884 A.2d 437 (2005). "On the basis of its consideration of the whole record, the trial court may continue or revoke the sentence of probation . . . [and] . . . require the defendant to serve the sentence imposed or impose any lesser sentence. . . . In making this second determination, the trial court is vested with broad discretion. . . . In determining whether to revoke probation, the trial court shall consider the beneficial purposes of probation, namely rehabilitation of the offender and the protection of society. . . . The important interests in the probationer's liberty and rehabilitation must be balanced, however, against the need to protect the public." (Internal quotation marks omitted.) *State* v. *Hedge*, 89 Conn. App. 348, 351, 873 A.2d 254, cert. denied, 274 Conn. 917, 879 A.2d 894 (2005).

In this case, the court found the defendant to have violated his probation both by being in possession of a firearm and by failing to verify his compliance with the special conditions of his probation, which required him to spend thirty-five hours a week engaged in work, school or community service. In evaluating whether the rehabilitative and beneficial aspects of probation were being served, the court considered evidence of the defendant's probation record, the underlying crime for which he was serving probation, the nature of the incident that led to the revocation of probation hearing[5] and the defendant's criminal history while on probation. The court concluded that the rehabilitative and the beneficial aspects of probation were not being met because (1) the defendant was found in possession of a firearm,

---

[5] See *State* v. *Quinones*, 92 Conn. App. 389, 391, 885 A.2d 227 (2005) (violation of any one condition of probation would suffice to serve as basis for revoking defendant's probation), cert. denied, 277 Conn. 904, 891 A.2d 4 (2006); see also *State* v. *Payne*, 88 Conn. App. 656, 660, 870 A.2d 1159, cert. denied, 274 Conn. 903, 876 A.2d 13 (2005).

(2) there was no verification that he satisfied the special conditions of his probation and (3) the court found credible the testimony of the defendant's probation officer that the defendant was not committed to improving his life.

On the basis of the whole record, the court properly considered whether the beneficial aspects of probation were being served and, therefore, did not abuse its discretion by revoking the defendant's probation and reinstating the remainder of the defendant's original sentence.

The appeal is dismissed as moot only as to the claim that there was insufficient evidence to establish that the defendant violated his probation by possessing a firearm. The judgment is affirmed in all other respects.

In this opinion HARPER, J., concurred.

BERDON, J., dissenting. On the basis of the majority's recitation of the fact that the defendant, Corey Mapp, pleaded guilty to illegal possession of a weapon in a motor vehicle in violation of General Statutes § 29-38, for which he received a two year sentence of imprisonment, I would have joined the majority in affirming the judgment of the trial court.

It has been called to our attention, however, by a report of the staff attorney that a habeas action is pending on the defendant's behalf. Because that habeas action, among other matters, challenges the validity of the defendant's guilty plea with respect to the possession of the weapon, I address the issue with reservation.

Moreover, in this appeal, neither defense counsel nor the state's attorney discussed this pending habeas appeal in their briefs or at their oral argument. Under these circumstances, I would order the parties to file

supplemental briefs with respect to the effect of the pending habeas action.

Accordingly, I must respectfully dissent.